TüRLey, J.
delivered the opinion of the court.
Two questions are presented in this case for the considera--ti on of the court.
1st. Can a bill filed to review a decree of this court be sustained? This question has been determined in the negative in the case of Cox, Catron and McLemore vs. Stump, Sommerville and others, 2 Yer. Rep. That case, it is true, was beard and decided by two judges specially appointed, but they are of known ability. We recognise the authority of the decision and have at the present term of the court in the case-.of Overton vs. Bigelow, reiterated its reasoning.
2d. It is said that though this be true, yet this is a decree for alimony, which may at any time be modified and changed by the court, so as to be made suitable to any change which may have taken place in the property oí the defendant after the decree may have been given. Without determining the merits of this question, it is sufficient for us to say, that if this proposition be true, a petition setting forth the facts on which a modification of the decree is sought is the proper remedy. This is a bill asking not for a modification of the decree, but for a review and reversal of it for errors apparent in the body of the decree. This cannot then tee considered as a petition merely to change the decree, so,S|K suit any alteration which may have taken place in the situ^Ri of the parties since it; was pronounced. We are therefo^tof the opinion the mo-' tion to have this bill of review takerFtrom the files must be allowed-
Motion allowed.